Prob12B
(7/93)

# United States District Court
## for the Northern District of New York

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*



Name of Offender: Paul Shenandoah         Case Number: 5:09CR-00189-001 (NAM)

Name of Sentencing Judicial Officer: Honorable Christopher C. Conner, U.S. District Judge, MD/PA. Jurisdiction transferred on April 20, 2009 to Honorable Norman A. Mordue, Chief U.S. District Judge

Date of Original Sentence: May 13, 2008

Original Offense: Failure to Register As a Sex Offender, 18 U.S.C.§ 2250 (a) and 2

Original Sentence: 366 days imprisonment, 120 months supervised release

Type of Supervision: Supervised Release         Date Supervision Commenced: March 18, 2009

## PETITIONING THE COURT

[ ]   To extend the term of supervision for years, for a total term of years.
[X]   To modify the conditions of supervision as follows:

1. You shall participate in a program for alcohol abuse which shall include testing for alcohol use and may include inpatient and/or outpatient treatment. The program shall be approved by the United States Probation Office.

2. You shall contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the probation officer based on your ability to pay and the availability of third party payments.

3. You shall refrain from the use of alcohol while in treatment and for the remainder of the term of supervision following completion of treatment.

4. You shall not be in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, or playgrounds, without the permission of the probation officer. The condition does not preclude you from having contact with your grandchildren.

5. You shall register with the state sex offender registry agency in any state where you reside, are employed, carry on a vocation or are a student.

6. You shall participate in a mental health program, which will include, but will not be limited to, participation in a treatment program for sexual disorders. The program shall be approved by the United States Probation Office.

   Your supervised release may include examinations using a polygraph, computerized voice stress analyzer, or other similar device to obtain information necessary for supervision, case monitoring, and treatment. You

Case 5:09-cr-00189-NAM   Document 8   Filed 07/10/09   Page 2 of 6

Prob 12B                                  - 2 -                              Request for Modifying the
                                                                             Conditions or Terms of Supervision
                                                                             with Consent of the Offender

shall answer the questions posed during the examination, subject to your right to challenge in a court of law the use of such statements as violations of your Fifth Amendment rights. In this regard, you shall be deemed to have not waived your Fifth Amendment rights. The results of any examinations shall be disclosed to the United States Probation Office and the Court, but shall not be further disclosed without the approval of the Court.

7. You shall not use or possess any computer or any other device with online capabilities, at any location, except at your place of employment, unless you participate in the Computer Restriction and Monitoring Program. You shall permit the United States Probation Office to conduct periodic, unannounced examinations of any computer equipment you use or possess, limited to all hardware and software related to online use (e.g., use of the World Wide Web, e-mail, instant messaging, etc.). These examinations may include retrieval and copying of data related to online use, and the viewing of pictures and movies which may be potential violations of the terms and conditions of supervised release from this computer equipment including any internal or external peripherals, internet-capable devices, and data storage media. This computer equipment may be removed to the Probation Office or to the office of their designee for a more thorough examination. The Probation Office may install any hardware or software system that is needed to monitor your computer use, subject to the limitations described above.

8. In the event your treatment provider determines that the use of a computer or internet service is contraindicated to your course of recovery, the Court, upon considering such information, may prohibit the use of a computer if the Court is convinced that such is the case based upon the evidence.

9. You shall submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

10. While in treatment and for the remainder of the term of supervision following completion of treatment, you shall not view, possess, own, subscribe to or purchase any material, including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. 2256(2).

## CAUSE

On May 13, 2008, the above-named defendant appeared before the Honorable Christopher C. Conner, U.S. District Judge for the Middle District of Pennsylvania, and was sentenced to 366 days imprisonment followed by 120 months of supervised release for a conviction of Failure to Register As a Sex Offender, 18 U.S.C.§ 2250 (a) and 2.

According to the defendant's criminal judgment, as a special condition of supervised release, the Court ordered the defendant to comply with substance testing and treatment. However, the judgment also waived the crime bill drug testing requirement, making the intentions of the Court unclear. The Court did not impose any sex offender special conditions or any other special conditions.

Prob 12B                                  - 3 -                           Request for Modifying the
                                                                          Conditions or Terms of Supervision
                                                                          with Consent of the Offender

Shenandoah commenced supervision on March 18, 2009. Immediately upon his release from prison, the defendant returned to his home in Nedrow, New York. On April 20, 2009, your Honor accepted jurisdiction from the Middle District of Pennsylvania.

Shenandoah is registered as a Level III sex offender, which is considered the highest risk level. The defendant's prior criminal history includes two separate convictions involving intercourse with 15 year old victims. In the first offense, the defendant provided the victim with alcohol until she became intoxicated and lost consciousness, and he then engaged in sexual intercourse with her. In the second offense, six years later, Shenandoah engaged in sexual intercourse on a least six occasions with a 15 year old victim. He used the guises of being a religious leader to convince her that sexual intercourse was part of a religious "cleansing ritual." While being supervised on New York State Parole for this second offense, the defendant's parole was revoked for unrelated new criminal conduct.

The new criminal conduct occurred when Shenandoah was arrested on April 24, 2004, in Dekalb Junction, New York for Criminal Possession of a Weapon for allegedly possessing a loaded 7mm Savage rifle and ammunition. This case remains pending.

In regards to the instant federal offense, Shenandoah failed to register as a sex offender beginning October 5, 2004 through the time of his arrest by the U.S. Marshal's Service on April 4, 2008.

According to the defendant's admissions in his presentence investigation, he drank alcohol daily from 1969 to 1982 and continued to drink several times per week between 1982 to 1988. As mentioned above, the defendant used alcohol as a lure and tool to engaged in sexual intercourse with one of his victims. The defendant also admitted experimenting with marijuana and cocaine. Currently, Shenandoah reports he does not have an alcohol problem and does not believe he should be drug tested.

The defendant wishes to remain employed as a supervisor with the iron worker's union, which will require him to travel outside the Northern District of New York to several other states. While the probation office is supportive of Shenandoah maintaining a livelihood in this manner, given the logistical concerns of supervising the defendant outside this district, and the concerns noted above, the probation office believes several special conditions are necessary to effectively monitor the defendant and minimize the risk he poses to the community.

On July 1, 2009, counsels for the government and the defendant appeared in Court chambers to address a request by the probation office for a hearing to modify the defendant's condition's of supervised release. Defense counsel agreed to the above noted special conditions. On that same date, Shenandoah was presented with the Waiver of Hearing to Modify conditions. He agreed to and signed the document and requested a hearing.

If the Court agrees to the proposed modification, Probation Form12B and Probation Form 49 will need to be filed with the Clerk's Office. Therefore, with exception to the recommended modification, no further action is requested at this time.

Prob 12B                                  - 4 -                              Request for Modifying the
                                                                          Conditions or Terms of Supervision
                                                                           with Consent of the Offender

Respectfully submitted,

MATTHEW L. BROWN
Chief U.S. Probation Officer

Approved by: *[signature]* by: *[signature]*
Lori Albright                                  MARK WALKER
Supervising U.S. Probation Officer             Senior U.S. Probation Officer
                                               Date: 07/08/2009

## THE COURT ORDERS
[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

*[signature]*
Signature of Judicial Officer

July 10, 2009
Date

PROB 49
NNYrev.9/02

Waiver of Hearing to Modify Conditions
of Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF NEW YORK

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of Supervised Release or my period of supervision being extended. By 'assistance of counsel,' I understand that I have a right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. **I am fully aware this is only a proposal to the Court to address the alleged violation(s) and it is in no way binding upon the Court. The Court has the discretion to order a hearing which could result in a different sanction being imposed.** I agree to the following modification of my Conditions of Supervised Release or to the proposed extension of my term of supervision:

1.  You shall participate in a program for alcohol abuse which shall include testing for alcohol use and may include inpatient and/or outpatient treatment. The program shall be approved by the United States Probation Office.

2.  You shall contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the probation officer based on your ability to pay and the availability of third party payments.

3.  You shall refrain from the use of alcohol while in treatment and for the remainder of the term of supervision following completion of treatment.

4.  You shall not be in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, or playgrounds, without the permission of the probation officer. The condition does not preclude you from having contact with your grandchildren

5.  You shall register with the state sex offender registry agency in any state where you reside, are employed, carry on a vocation or are a student.

6.  You shall participate in a mental health program, which will include, but will not be limited to, participation in a treatment program for sexual disorders. The program shall be approved by the United States Probation Office.

    Your supervised release may include examinations using a polygraph, computerized voice stress analyzer, or other similar device to obtain information necessary for supervision, case monitoring, and treatment. You shall answer the questions posed during the examination,

subject to your right to challenge in a court of law the use of such statements as violations of your Fifth Amendment rights. In this regard, you shall be deemed to have not waived your Fifth Amendment rights. The results of any examinations shall be disclosed to the United States Probation Office and the Court, but shall not be further disclosed without the approval of the Court.

7. You shall not use or possess any computer or any other device with online capabilities, at any location, except at your place of employment, unless you participate in the Computer Restriction and Monitoring Program. You shall permit the United States Probation Office to conduct periodic, unannounced examinations of any computer equipment you use or possess, limited to all hardware and software related to online use (e.g., use of the World Wide Web, e-mail, instant messaging, etc.). These examinations may include retrieval and copying of data related to online use, and the viewing of pictures and movies which may be potential violations of the terms and conditions of supervised release from this computer equipment including any internal or external peripherals, internet-capable devices, and data storage media. This computer equipment may be removed to the Probation Office or to the office of their designee for a more thorough examination. The Probation Office may install any hardware or software system that is needed to monitor your computer use, subject to the limitations described above.

8. In the event your treatment provider determines that the use of a computer or internet service is contraindicated to your course of recovery, the Court, upon considering such information, may prohibit the use of a computer if the Court is convinced that such is the case based upon the evidence.

9. You shall submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

10. While in treatment and for the remainder of the term of supervision following completion of treatment, you shall not view, possess, own, subscribe to or purchase any material, including pictures, videotapes, films, magazines, books, telephone services, electronic media, computer programs, or computer services that depict sexually explicit conduct, as defined in 18 U.S.C. 2256(2).

Witness: _____  Signed: _____
Senior U.S. Probation Officer                          Supervised Releasee

_____                          7-6-09
Supervising U.S. Probation Officer                       Date